JOSEPH N. AKROTIRIANAKIS (State Bar No. 197971)
jakro@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: +1 213 443 4355
Facsimile: +1 213 443 4310

PATRICK M. COLLINS (*pro hac vice forthcoming*)
pcollins@kslaw.com
PATRICK M. OTLEWSKI (*pro hac vice forthcoming*)
potlewski@kslaw.com
KING & SPALDING LLP
110 North Wacker Drive, Suite 3800
Chicago, IL 60606
Telephone: +1 312 995 6333
Facsimile: +1 312 995 6330

BRIAN A. WHITE (*pro hac vice forthcoming*)
bwhite@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street NE, Suite 1600
Atlanta, GA 30309
Telephone: +1 404 572 4739

Attorneys for Defendants DENTONS US LLP,
MICHAEL T. MCNAMARA, and EDWARD J. REICH

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JINSHU "JOHN" ZHANG,<br><br>Plaintiff,<br><br>v.<br><br>DENTONS U.S. LLP; MICHAEL T. MCNAMARA; EDWARD J. REICH; and DOES 1 through 50,<br><br>Defendants. | Case No. _____<br><br>**DEFENDANTS' NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 AND 9 U.S.C. § 205** |

NOTICE OF REMOVAL

Defendants Dentons US LLP ("Dentons"), Michael T. McNamara, and Edward J. Reich, by and through their undersigned counsel, submit this Notice of Removal of this action from the Superior Court of the State of California for the County of Los Angeles, Central District, where it is now pending as Case Number 21STCV19442, to the United States District Court for the Central District of California. This Notice of Removal is being filed pursuant to 28 U.S.C. § 1441(a) (relating to causes of action under federal statute) and 9 U.S.C. § 205 (relating to the enforcement of international or non-domestic arbitration agreements and awards).

## INTRODUCTION

1. This matter arose out of Dentons' representation of a client, which is based in the People's Republic of China (the "Client"), pursuant to a contingency agreement. Plaintiff Jinshu "John" Zhang was the Dentons Partner who represented the Client in the enforcement of a foreign arbitral award against another Chinese company.

2. When that matter successfully settled, Dentons was entitled to receive, among other things, shares of stock in a Cayman Islands corporation held by an affiliate of the Client, a Seychelles company, to satisfy the contingency fee agreement.

3. Dentons has not received those shares from the Client, and that is because of Zhang. Rather than work to collect the contingency fee owed to Dentons, Zhang demanded that Dentons first guarantee him 85% of the contingency fee award. When Dentons declined Zhang's demand and directed him to its established practices and the clear terms of its Partnership Agreement on client fees, Zhang engaged in subterfuge.

4. Zhang went around Dentons to the Client, with whom Zhang negotiated for Zhang to personally receive the lion's share of the contingency fee award. Zhang also began secretly exfiltrating sensitive and confidential information from Dentons, including client confidential information and sensitive personal information of non-

party individuals.

5. When Dentons refused to permit Zhang to engage in improper self-dealing, Zhang responded with slanderous and false allegations against Dentons' leadership. Dentons terminated Zhang from its partnership for cause on May 5, 2021.

6. On May 5, 2021, Dentons properly initiated arbitration proceedings against Zhang with the International Institute for Conflict Prevention & Resolution ("CPR") to, among things, preserve the confidentiality of firm and client information, and to ensure collection of the contingency fee award to which Dentons is entitled. In the midst of arbitration, Zhang initiated his state court lawsuit, in direct contravention of the Parties' agreement to arbitrate, as set forth in the Dentons Partnership Agreement. Zhang, however, continued to participate in arbitration proceedings until the issuance of an adverse ruling against him on May 26, 2021, at which point Zhang abruptly withdrew from the arbitration.

## BACKGROUND

### *The Parties*

7. Dentons US LLP is a law firm and limited liability partnership organized under the laws of Delaware. Dentons is a part of the US Region of Dentons Group (a Swiss Verein) ("Dentons Global"), whose member firms and affiliates provide client services worldwide.

8. Zhang was a Full Interest Partner, *i.e.,* full equity partner, of Dentons from 2014 until his termination for cause on May 5, 2021.

### *The Dentons Partnership*

9. As a Full Interest Partner, Zhang was a party to and executed the Dentons Partnership Agreement on a yearly basis. Zhang last executed the Partnership Agreement on March 26, 2021. The Partnership Agreement governs the operations of the Partnership, which are global in nature.

10. Section 12.10 of the Partnership Agreement contains an arbitration agreement, which states in full as follows:

|   |   |
|---|---|
| 1 | Except as provided in Section 12.10.2, all disputes relating to the |
| 2 | validity, breach, interpretation or enforcement of this Agreement, as |
| 3 | well as all disputes of any kind between or among any of the Partners |
| 4 | and/or the Partnership relating to the Partnership and/or the Business, |
| 5 | including statutory claims of any kind, shall be resolved in |
| 6 | accordance with the CPR Rules of Non-Administered Arbitration |
| 7 | then currently in effect, by a sole arbitrator provided that the |
| 8 | arbitrator shall have no power or authority to add to, amend, modify |
| 9 | or disregard any of the provisions of this Agreement and that the |
| 10 | arbitrator shall be required to follow applicable law. Unless mutually |
| 11 | agreed by the parties to the arbitration, the arbitrator must have at |
| 12 | least five (5) years of experience as a partner with a major law firm, |
| 13 | which shall mean a law firm having at least 2 office locations and at |
| 14 | least 250 partners. The place of arbitration shall be either Chicago, |
| 15 | Illinois or New York, New York. Judgment on the award rendered |
| 16 | by the arbitrator may be entered by any court having jurisdiction |
| 17 | thereof. THE PARTIES HERETO ALL UNDERSTAND AND |
| 18 | AGREE THAT ANY RIGHT TO A TRIAL BY JURY IS HEREBY |
| 19 | WAIVED. |

11. The Partnership Agreement reflects the partnership's and its partners' role as part of a global operation, organized through Dentons Global. Among other things, the Partnership Agreement notes the partnership's role within the US Region of Dentons Global, the partnership's participation in certain Dentons Global governing documents, the process by which Dentons Global's recommendations will be presented to the partnership and the partners, and the authorization for certain partners to participate in Dentons Global leadership.

12. Zhang himself engaged in international activity as a Dentons Partner, which included Zhang engaging in international travel from the United States to the

People's Republic of China for a Dentons client. Zhang also arranged for Dentons to pay for a representative from the Client, who was based in the People's Republic of China, to travel within the United States for a court proceeding.

### The Underlying Dispute

13. Beginning in 2018 and continuing into 2020, Dentons represented the Client, which is based in the People's Republic of China, in proceedings to enforce a foreign arbitral award issued in China in an arbitration under the Rules of the China International Economic and Trade Arbitration Commission ("CIETAC"). That representation culminated in a multi-million-dollar settlement for the Client. Under the contingency fee terms as set forth in the Engagement Agreement between Dentons and the Client, and the underlying settlement, Dentons is entitled to, *inter alia*, shares of stock in a corporation organized and existing pursuant to the laws of the Cayman Islands. Title of the shares of stock is currently held by a Seychelles company, which is an affiliate of the Client.

14. Rather than arrange for Dentons to receive its contingency fee, Zhang demanded that Dentons first guarantee that he, individually, would receive the lion's share of the stock that Dentons is entitled to under its contingency fee agreement. When Dentons' leadership declined Zhang's efforts to take the contingency fee award for himself, Zhang went to the Client behind Dentons' back and negotiated directly with the Client to receive 85% of the proceeds of the shares of stock due to Dentons. In doing so, Zhang breached both the Dentons Partnership Agreement and his fiduciary duties to Dentons. When Dentons challenged Zhang on his self-dealing conduct, Zhang made false and slanderous allegations against Dentons' leadership. Then, shortly before his termination, and unbeknownst to Dentons, Zhang exfiltrated sensitive and confidential information, which Zhang's First Amended Complaint now makes clear was done to arm himself for this litigation with Dentons.

### The Arbitration Proceedings

15. Following Zhang's breach of his fiduciary duty to the Dentons

partnership and his actions to usurp Dentons' entitlement to the contingency fee award, Dentons pursued relief through arbitration, in accordance with Section 12.10 of the Partnership Agreement (set forth above). On May 5, 2021, Dentons commenced arbitration proceedings with the CPR against Zhang, asserting claims against Zhang for breach of the Partnership Agreement and for breach of Zhang's fiduciary duty of loyalty to Dentons.

16.     After commencing arbitration, Dentons sought interim emergency measures of relief from a duly appointed Emergency Arbitrator to protect its interests in the contingency fee award and in its (and its clients') confidential documents. Zhang and Dentons were both represented by counsel in the arbitration proceedings, who participated fully in the proceedings, including in hearings.

17.     Under the CPR Rules, the Emergency Arbitrator will serve until the regular arbitrator (or "Tribunal") is appointed.  Notably, while Zhang objected to the jurisdiction of the Emergency Arbitrator, he never objected to the jurisdiction of the Tribunal.

18.     More than two weeks after the start of the arbitration, on May 23, 2021, Zhang filed his Complaint (the "Original Complaint") in the Superior Court of the State of California for the County of Los Angeles, Central District, entitled *Zhang v. Dentons U.S. LLP, et al.*, Case No. 21STCV19442 (the "State Court Action"), which he served on May 24, 2021.

19.     During a hearing before the Emergency Arbitrator on May 24, 2021, Zhang argued that the Emergency Arbitrator lacked jurisdiction to issue the relief requested by Dentons. He did not argue that the Tribunal lacks jurisdiction.  Under the CPR Rules, the deadline for Zhang to challenge the jurisdiction of the Tribunal passed on May 25, 2021. Because Zhang failed to raise a timely objection to the jurisdiction of the Tribunal in the arbitration proceedings, Zhang has waived any such objection.

20.     On May 25, 2021, Dentons sought additional interim emergency

measures from the Emergency Arbitrator. The Emergency Arbitrator held a hearing, attended by counsel for both Dentons and Zhang, and issued an oral order granting the relief requested by Dentons. On May 26, 2021, the Emergency Arbitrator issued an Emergency Award (later corrected to address clerical errors). Attached hereto as **Exhibit A** is a true and accurate copy of the Emergency Award.

21. On May 26, 2021, rather than comply with the Emergency Award, Zhang filed his First Amended Complaint (the "FAC"), which he served on May 27, 2021. Zhang's FAC attacks the legitimacy of the arbitration proceedings in which he participated, the Emergency Arbitrator's jurisdiction, and the Emergency Award. That attack is inappropriate because (1) the Parties clearly and unmistakably agreed to arbitrate arbitrability such that the arbitrators and not the Court are empowered to decide any challenge to the arbitrators' jurisdiction, and (2) Zhang has waived his right to raise any such challenge to the Tribunal's jurisdiction. Nevertheless, among other things in the FAC, Zhang seeks a declaratory judgment that (a) the arbitration agreement "is unenforceable, unconscionable, void, voidable, violative of California public policy, and/or illegal under applicable law"; (b) "the issue of arbitrability must be resolved by a court"; and (c) vacatur of the Emergency Award. FAC ¶¶ 68-70. Plaintiff's FAC also alleges retaliation, wrongful termination, racial discrimination, and intentional infliction of emotional distress.

22. On June 2, 2021, the Emergency Arbitrator issued an award regarding jurisdiction (the "Jurisdiction Award"), concluding that the Emergency Arbitrator has "arbitral jurisdiction to decide [Dentons'] original emergency measures application . . . ." and rejecting Zhang's challenges to the validity of the arbitration agreement. Attached hereto as **Exhibit B** is a true and accurate copy of the Jurisdiction Award. Because the Parties agreed to arbitrate arbitrability, the substance of the Emergency Arbitrator's award on jurisdiction is not subject to judicial review and it is *res judicata*.

/ /

## VENUE AND JURISDICTION

23. Venue is proper in this Court because the Superior Court of the State of California for the County of Los Angeles, Central District, where the Complaint was filed, is a state court within the Western Division of the Central District of California.

24. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the Constitution, laws or treaties of the United States. Specifically, the claims asserted in the FAC are subject to an arbitration agreement that is subject to the New York Convention, and purport to challenge an arbitral award that is subject to the New York Convention, pursuant to 9 U.S.C. § 202; this Court has subject matter jurisdiction pursuant to 9 U.S.C. § 203; and the case is removable both pursuant to 9 U.S.C. § 205 "at any time before the trial," and 28 U.S.C. § 1441.

## BASIS OF REMOVAL

**I.   Plaintiff's FAC Seeks Relief from A Valid and Enforceable Non-Domestic Arbitral Award.**

25. This Court has subject matter jurisdiction over this dispute because Zhang seeks court relief from a non-domestic arbitral award governed by the New York Convention (the "Convention") and Chapter 2 of the Federal Arbitration Act (the "FAA").

26. The underlying dispute in this case arises out of Dentons' representation of the Client, which is based in the People's Republic of China, regarding the enforcement of an international CIETAC arbitral award for the Client. That representation was successful, and resulted in a substantial recovery for the Client, with proceeds from the representation currently assigned to a Seychelles company, a portion of which is properly due to Dentons as part of its contingency fee agreement with the Client.

27. Dentons initiated arbitration under its Partnership Agreement with Zhang to address claims that Dentons has against Zhang for interfering with

Dentons' ability to recover the contingency fee award from the Client, which is based in the People's Republic of China. That representation was successful, resulting in a substantial recovery for the Client, with proceeds primarily in the form of shares of a Cayman Islands corporation, currently assigned to a Seychelles company. A portion of those shares is properly due to Dentons as part of its contingency fee agreement with the Client.

28. The Dentons Partnership Agreement contemplates performance abroad. Pursuant to Section 3.2, as Dentons is a part of a Swiss Verein (Group), the Dentons Board and its partners are "authorized to take such action consistent with Partnership's membership in the . . . relationship to the Group [Swiss Verein] as may be necessary and appropriate pursuant to the . . . Group Governing Documents." Zhang engaged in international activity as a Dentons Partner, including by traveling to China for a client matter in 2018, and by arranging for Dentons to pay for a representative from the Client to travel within the United States for a hearing in the underlying matter that resulted in the contingency fee being owed to Dentons.

29. Zhang and Dentons were both represented by counsel in the arbitration proceedings, with the parties having had the opportunity to fully participate in the proceedings, including in hearings, which Zhang and his counsel did through May 25, 2021. In the arbitration proceedings, Dentons has obtained two Awards from a duly appointed Emergency Arbitrator: the first regarding Zhang's state court action (the Emergency Award), and the second regarding the jurisdiction of the Emergency Arbitrator (the Jurisdiction Award).

30. Zhang's state court action would interfere with both Awards through his pursuit of a declaratory judgment in California state court, as Zhang seeks a declaratory judgment that "the [emergency] award is unlawful and unenforceable" and that "the arbitrator was without jurisdiction[.]" FAC ¶ 70.

31. This matter thus "involves property located abroad," "envisages performance or enforcement abroad, or has some other reasonable relation with one

or more foreign states." 9 U.S.C. § 202. Pursuant to 9 U.S.C. § 203, this action falls under the Convention and thus is deemed to "arise under the laws and treaties of the United States," providing the district courts of the United States with "original jurisdiction over such an action . . . regardless of the amount in controversy."

32. Pursuant to 9 U.S.C. § 205, the subject matter of Zhang's lawsuit "pending in a State court relates to an arbitration agreement or award falling under the Convention," and therefore provides the Defendants with legal authority to "remove such action . . . to the district court of the United States for the district and division embracing the place where the action or proceeding is pending."

33. Accordingly, this Court has subject matter jurisdiction over the claims in the FAC pursuant to Chapter 2 of the Federal Arbitration Act.

**II. The Face of Plaintiff's FAC Alleges Violations of Federal Law.**

34. In addition to the foregoing, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the face of Plaintiff's FAC alleges that Defendants violated federal law. While Zhang's allegations are meritless, false, and ultimately slanderous, for purposes of considering whether removal is appropriate, it is proper for the Court to consider that Zhang's FAC makes repeated allegations of fraud, the creation of a forged document, which Zhang ultimately alleges amounted to wire fraud, in violation 18 U.S.C. § 1343. *See* FAC ¶¶ 25-28, 35, 44. District courts have original jurisdiction of any civil action authorized by law under 18 U.S.C. § 1343. *See* 28 U.S.C. § 1343(a); *see also Seawright v. Greenberg*, 233 F. App'x 145, 147 (3d Cir. 2007) (acknowledging propriety of removing a state court complaint alleging mail and wire fraud, even when the plaintiff attempted to remove those allegations in a subsequent complaint).

**III. Supplemental Jurisdiction Exists over Plaintiff's Remaining Claims.**

35. Even if this Court did not have subject matter jurisdiction over the entirety of the Complaint under Chapter 2 of the FAA, the Court possesses supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the Plaintiff's

remaining claims arising under California Labor Code § 1102.5, California's Fair Housing and Employment Act ("FEHA"), and California state common law.

### IV.  All Other Removal Requirements Are Satisfied.

36.  This Notice of Removal is timely and properly filed pursuant to 28 U.S.C. § 1446(b)(1), and 9 U.S.C. § 205.

37.  Copies of Plaintiff's Complaint, FAC, and all other documents requested to be publicly filed, which are on the record in the case Plaintiff initiated in the Superior Court of California for the County of Los Angeles, Central District, are attached as **Exhibit C**. As set forth in the contemporaneously filed Application to Seal, Defendants respectfully request limited sealing and redactions of two exhibits to a motion that is part of the underlying record.

38.  Promptly after the filing of this Notice of Removal, Defendants shall give written notice of the removal to Plaintiff and to the Clerk of the Los Angeles County Superior Court, California, as required by 28 U.S.C. § 1446(d).

39.  By filing this Notice of Removal, Defendants do not waive any defense that may be available to them and reserve all such defenses, including but not limited to those related to service of process and lack of personal jurisdiction. If any question arises regarding the propriety of the removal to this Court, Defendants request the opportunity to present a brief oral argument in support of their position that this case has been properly removed.

### CONCLUSION

WHEREFORE, Defendants give notice that the matter bearing Case No. 21STCV19442, pending in the Superior Court of California for the County of Los Angeles – Central District, is removed to the United States District Court for the Central District of California, Western Division, and request that this Court retain jurisdiction for all further proceedings in this matter.

/ /

/ /

| | |
|---|---|
| Dated: June 8, 2021 | **KING & SPALDING LLP** |
| | By:   */s/ Joseph N. Akrotiriankakis*<br>JOSEPH N. AKROTIRIANAKIS |
| | Attorneys for Defendants DENTONS US LLP, MICHAEL T. MCNAMARA, and EDWARD J. REICH |