UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04682-RGK-JC | Date | June 11, 2021 |
|---|---|---|---|
| Title | *Jinshu John Zhang v. Dentons U.S. LLP et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**       **(IN CHAMBERS) Order Re: Remanding Case to State Court**

## I.      INTRODUCTION

On May 23, 2021, Jinshu John Zhang ("Plaintiff") sued the law firm Dentons U.S. LLP, Michael T. McNamara, and Reich J. Edward (collectively, "Defendants") in Los Angeles Superior Court after they terminated his employment with Dentons. Plaintiff's complaint alleged claims for wrongful termination, racial discrimination, intentional infliction of emotional distress, and declaratory relief. Plaintiff amended his complaint three days later, ("FAC"), bringing the same claims.

On June 8, Defendants removed the case to this Court seeking to invoke federal jurisdiction through the New York Convention and Chapter 2 of the Federal Arbitration Act.

Upon review of Defendants' Notice of Removal, the Court **REMANDS** the case to state court.

## II.     STATEMENT OF FACTS

This case arises from an employment dispute.

Dentons is one of the world's largest law firms, and Plaintiff was a partner in Dentons's Los Angeles office until his recent firing. As a partner, Plaintiff signed a partnership agreement with Dentons (the "Agreement"). The Agreement outlined procedures for resolving disputes between Dentons and its partners. Under its terms, "all disputes relating to . . . this Agreement" had to be resolved "in accordance with the CPR Rules of Non-Administrated Arbitration." (Denton's Partnership Agreement ¶ 12.10, Exhibit C, ECF No. 15-1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA     **JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04682-RGK-JC | Date | June 11, 2021 |
|---|---|---|---|
| Title | *Jinshu John Zhang v. Dentons U.S. LLP et al* | | |

As Dentons's partner, Plaintiff represented a client based in the People's Republic of China on an unrelated matter on a contingency basis. That representation led to a multi-million-dollar settlement for that Client in a foreign arbitration—which also meant a large award of attorneys' fees for Dentons.

From there, the parties' version of events that led to this litigation diverge. According to Defendants, Plaintiff demanded that he receive much of the contingency fee from the Client's settlement for himself. When Defendants refused Plaintiff's request, Plaintiff "went to the Client behind Dentons' back and negotiated directly with the Client" to obtain a larger portion of the attorneys' fees for himself. (Notice of Removal ¶ 14, ECF No. 1). Defendants believed these actions breached the Agreement and fired him.

Plaintiff, on the other hand, proposes a different story. After settling the Client's case, Plaintiff acknowledges that he met with Dentons's management to negotiate his fees for his representation. Defendants—McNamara, Dentons's CEO, in particular—rebuffed Plaintiff's attempts. Eventually, McNamara threatened to fire Plaintiff for even broaching the topic.

In an unrelated event, Plaintiff learned that another partner at Dentons had recently "hurled racially-charged insults against a Dentons associate of Chinese descent." (FAC ¶ 22, ECF No. 17-1). When Plaintiff, who is also Chinese, confronted McNamara about the incident, McNamara deflected, which Plaintiff took as reflective of Dentons's "larger pattern and practice of treating Chinese employees unequally and with distrust." (*Id.* ¶ 24).

On top of Plaintiff's complaints about Dentons's hostile work environment, Defendants grew concerned with Plaintiff's close relationship with the Client. That concern, Plaintiff alleges, caused Defendants to engage in fraud so that they could ensure that they would receive a larger share of the attorneys' fees from the Client's settlement. According to Plaintiff, Defendants directed their attorneys to forge a letter on behalf of the Client to third-party issuers, who would then transfer certain Client-held securities to Dentons. When Plaintiff learned of this forgery on April 30, 2021, he confronted Defendants. Rather than respond to his allegations, Defendants fired him.

Defendants then immediately began arbitration proceedings against Plaintiff based on the Agreement's arbitration provision. After the arbitrator issued some adverse rulings against Plaintiff, Plaintiff filed his state court complaint.

**III.     DISCUSSION**

As a court of limited jurisdiction, it is axiomatic that this Court must have subject matter jurisdiction before ruling on any matter. Defendants' Notice of Removal identifies the New York

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA          **JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04682-RGK-JC | | Date | June 11, 2021 |
|---|---|---|---|---|
| Title | *Jinshu John Zhang v. Dentons U.S. LLP et al* | | | |

Convention (the "Convention") and Chapter 2 of the Federal Arbitration Act ("FAA") as bases for federal question jurisdiction. Neither provides the Court with jurisdiction.

For one, the FAA is "'something of an anomaly in the field of federal-court jurisdiction' in bestowing no federal jurisdiction but rather requiring an independent jurisdictional basis." *Hall St. Associates, LLC v. Mattel, Inc.*, 552 U.S. 576, 581–82 (2008) (quoting *Moses H. Cone Mem'l Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983)). Defendants must therefore rely on the Convention to obtain federal jurisdiction.

The Convention governs *international* arbitration agreements and awards.[1] It allows a defendant to remove a pending state court action to federal court if "the subject of an action . . . relates to an arbitration agreement or award falling under the Convention." 9 U.S.C. § 205. Generally, an agreement or award "entirely between citizens of the United States shall be deemed *not* to fall under the Convention . . . ." 9 U.S.C. § 202 (emphasis added). But an "arbitration agreement or arbitral award arising out of a legal relationship" between U.S. citizens falls under the Convention if that relationship "involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states." *Id.*; *see also Soaring Wind Energy, LLC v. Catic USA Inc.*, 946 F.3d 742, 751–52 (5th Cir. 2020). In other words, for the Convention to apply—and for this case's removal to be proper—Defendants must show that some agreement between them and Plaintiff "falls under the Convention" and that the state court complaint "relates" to that agreement. 2 U.S.C. § 205.

Defendants insist that they meet the statute's jurisdictional requirements. The Court disagrees. First, Defendants seek to inject an international hook by referencing the catalyst for this litigation—the Client's settlement award that was obtained through arbitration. That foreign arbitration award, however, has no relation to Plaintiff's state court complaint.

Instead, the "legal relationship" that arises between the parties is Dentons's partnership agreement—the Agreement. That is the contract which Defendants accuse Plaintiff of violating, and that is the contract which provided the basis for the underlying arbitration. *Soaring Wind*, 946 F.3d at 752.

As explained above, the Convention does not apply to arbitration agreements or awards "entirely between citizens of the United States . . . ." 2 U.S.C. § 202. Although much of the Agreement has been redacted, the parties to the Agreement are Plaintiff and Dentons's "Full Interest Partners, Preferred

---

[1]       The Convention is called the "Convention on the Recognition and Enforcement of *Foreign* Arbitral Awards."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA          **J S - 6**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04682-RGK-JC | | Date | June 11, 2021 |
|---|---|---|---|---|
| Title | *Jinshu John Zhang v. Dentons U.S. LLP et al* | | | |

Interest Partners, and Special Contract Partners of *the Partnership*." (Denton's Partnership Agreement ¶ 1.2) (emphasis added). "The Partnership" is defined as "Dentons US LLP and is constituted as a Delaware limited liability partnership." (*Id.* ¶ 2.1). Plaintiff, on the other hand, resides and practices law in California. (FAC ¶ 5). Thus, as far as the Court can tell, the Agreement is between U.S. citizens. Defendants implicitly acknowledge this fact, as they discuss § 202's exceptions in their Notice of Removal. (*See* Notice of Removal ¶¶ 28, 31).[2] So, unless the Agreement "involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states," the Agreement does not fall under the Convention. 9 U.S.C. § 202.

To analyze whether the Agreement satisfies this threshold, the Court looks to "the foreign character, if any, of the Agreement itself." *Soaring Wind*, 946 F.3d at 752. The Agreement does not refer to a foreign place or entity. The Agreement was made in Delaware and is governed by Delaware law. (Dentons's Partnership Agreement ¶ 12.3). Even "the relationships of Partners among themselves and the relationships between each Partner and the Partnership" are governed "under the laws of the State of Delaware." (*Id.*)

Nor does the Agreement envision enforcement abroad. Sections 12.10 and 12.10.4 of the Agreement make that explicit. If a dispute arises, all parties must submit to binding arbitration, and "[t]he place of arbitration shall be either Chicago, Illinois, or New York, New York." (*Id.* ¶ 12.10). And any judgment issued by the arbitrator "shall be enforceable in any *federal or state court located in the State of Delaware or any state in which a Partner resides*." (*Id.* ¶ 12.10.4) (emphasis added).

Still, Defendants offer two reasons for why the Agreement "contemplates performance abroad." First, they mention that "Dentons is a part of a Swiss Verein"—basically, a Swiss-law recognized partnership. (Notice of Removal ¶ 28); *see Swiss Association*, Wikipedia, http://en.wikipedia.org/wiki/Swiss_association (May 10, 2021, 10:43 UTC). Yet Defendants fail to articulate why Dentons's status as part of a foreign group means that the Agreement between Dentons and Plaintiff contemplates foreign performance. In *Soaring Wind*, the Fifth Circuit held that an agreement does not fall under the Convention just because "one party, though a U.S. citizen, should happen to bear foreign corporate parentage." 946 F.3d at 753.

---

[2]     More specifically, Defendants note that "The Dentons Partnership *contemplates performance abroad*." (Denton's Partnership Agreement ¶ 28) (emphasis added). And they argue that this matter "'involves property located abroad,' 'envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states'" and cite 9 U.S.C. § 202. (*Id.* ¶ 31).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA    **JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04682-RGK-JC | | Date | June 11, 2021 |
|---|---|---|---|---|
| Title | *Jinshu John Zhang v. Dentons U.S. LLP et al* | | | |

And to the extent that Defendants argue that Dentons's foreign corporate parentage proves a sufficient "reasonable relation with one or more foreign state," 9 U.S.C. § 202, the Court also disagrees. The "reasonable relation" meaning is limited and "must be akin to 'involving property located abroad' or 'envisaging performance abroad.'" *Soaring Wind*, 946 F.3d at 752–53 (alterations in original). In other words, "the relationship must contemplate overseas action or involvement." *Id.* at 753. "It might be enough if an agreement 'call[s] . . . for meetings to be held in' in a foreign country or if it should 'contain a list of mandatory foreign vendors,'" but Defendants have pointed to neither situation. *Id.* Once more, all aspects of the Agreement are domestic—the Agreement is between a Los Angeles-based partner and Delaware law firm, the Agreement was made in Delaware, governed by Delaware law, and arbitration must be conducted and enforced in the United States.

Finally, Defendants contend that the Agreement "contemplates performance abroad" because Plaintiff "engaged in international activity as a Dentons Partner . . . ." (Notice of Removal ¶ 28). But if this were enough to satisfy the "performance abroad" definition, every executive with an employment agreement, at every multinational corporation, who happens to have contact with a foreign entity, would fall under the Convention. Defendants have identified no authority, nor is the Court aware of any, to support such an expansive reading of the Convention, and more specifically, § 202.

In sum, Defendants have failed to show that the Agreement "falls under the Convention." Without that showing, Defendants had no basis for removal, and this Court does not have jurisdiction. As a result, the Court remands this case to state court.[3]

---

[3]     Defendants also contend that removal was proper because Plaintiff's FAC alleged violations of federal law—mail and wire fraud based on the forgery—and cite *Seawright v. Greenberg*, 233 F. App'x 145 (3d Cir. 2007) for the proposition that a court may acknowledge "the propriety of removing a state court complaint alleging mail and wire fraud, even when the plaintiff attempted to remove those allegations in a subsequent complaint." (Notice of Removal ¶ 34). Defendants' argument is unpersuasive as they take the facts of *Seawright* out of context. In *Seawright*, the original complaint had alleged claims for mail and wire fraud and violations of the Federal Rules of Civil Procedure—no such claims are alleged here. 233 F. App'x at 147. On top of that, the Third Circuit noted that it was not clear from the plaintiff's subsequent alterations of the original complaint that federal issues had been removed from the case as the plaintiff's blacking out of "Federal Rules of Civil Procedure" did not mean that other federal discovery rules could not have been violated. *Id.* at 148. Thus, the Court declines to find jurisdiction based on the "alleged violations of federal law."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA       JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04682-RGK-JC | Date | June 11, 2021 |
|---|---|---|---|
| Title | *Jinshu John Zhang v. Dentons U.S. LLP et al* | | |

## IV.    CONCLUSION

For the foregoing reasons, the Court **REMANDS** this action to state court for lack of jurisdiction.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer      _____